# Exhibit A

CIVIL CITATION – CITCVWD

### THE STATE OF TEXAS

**RECEIVED**

**To:**   Kenneth R. Saintes
105 Briarwood Drive
Franklin LA 70538

JUL 1 0 2017

GENERAL COUNSEL

**By Serving the Chairman of the Texas Transporation Commission**

Defendant, NOTICE:

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Said **ANSWER** may be filed with the District Clerk's Office, Orange County Courthouse, 801 W Division Ave, Orange Texas 77630.

Said   **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE; CERTIFICATE OF WRITTEN DISCOVERY**

was filed and docketed in the Honorable 260th District Court of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, Orange, Texas on June 27, 2017 in the following styled and numbered cause:

**Cause No: 170213-C**

**David Dies, Jr. VS. American Pollution Control Corp. et al**

The name and address of the attorney for plaintiff otherwise the address of Plaintiff is:
**Clay Dugas**
**350 Pine St Suite 1750**
**Beaumont TX 77701**
**ISSUED AND GIVEN** under my hand and seal of said Court at Orange, Texas, this June 30, 2017.



**VICKIE EDGERLY, District Clerk**
Orange County, Texas

*Vickie Edgerly*

---

### RETURN

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____, M., and executed in _____County, Texas, at _____ o'clock _____.M., on the _____ day of _____, 20_____, by delivering, in accordance with the requirements of law, to the within named _____ In person, a true copy of this citation together with the accompanying copy of the petition, having first endorsed thereon the date of delivery.

And not executed as to the defendant _____
the diligence used to execute being _____
the cause of failure to execute is _____
the defendant may be found _____

TOTAL FEES: _____          BY: _____

**1**

**Exhibit A**

30172091858F001F_20170728

CIVIL CITATION – CITCVWD

### THE STATE OF TEXAS

RECEIVED

JUL 1 0 2017

GENERAL COUNSEL

**To:**   **Kenneth R. Saintes**
**105 Briarwood Drive**
**Franklin LA 70538**

**By Serving the Chairman of the Texas Transporation Commission**

Defendant, **NOTICE:**

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Said **ANSWER** may be filed with the District Clerk's Office, Orange County Courthouse, 801 W Division Ave, Orange Texas 77630.

### Said   PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE: CERTIFICATE OF WRITTEN DISCOVERY

was filed and docketed in the Honorable 260th District Court of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, Orange, Texas on June 27, 2017 in the following styled and numbered cause:

**Cause No: 170213-C**

**David Dies, Jr. VS. American Pollution Control Corp. et al**

The name and address of the attorney for plaintiff otherwise the address of Plaintiff is:
**Clay Dugas**
**350 Pine St  Suite 1750**
**Beaumont TX  77701**
ISSUED AND GIVEN under my hand and seal of said Court at Orange, Texas, this June 30, 2017.



**VICKIE EDGERLY, District Clerk**
Orange County, Texas

*Vickie Edgerly*

---

### RETURN

Came to hand on the _____ day of _____, 20_____, at _____o'clock_____, M., and executed in _____County, Texas, at _____o'clock_____.M., on the _____day of_____, 20_____, by delivering, in accordance with the requirements of law, to the within named _____In person, a true copy of this citation together with the accompanying copy of the petition, having first endorsed thereon the date of delivery.

And not executed as to the defendant _____

the diligence used to execute being _____

the cause of failure to execute is _____

the defendant may be found _____

TOTAL FEES: _____   BY: _____

DX4 Received on 7/27/2017 11:06:39 PM

FILED 10/04/2017 10:48 AM
Vickie Edgerly, District Clerk
Orange County, Texas
Reviewed By: Justin Rhodes

# TEXAS TRANSPORTATION COMMISSION
# CHAIRMAN'S CERTIFICATE

### NO. 170213-C

| | | |
|---|---|---|
| DAVID DIES, JR., ET AL | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 260TH JUDICIAL |
| | § | |
| KENNETH R. SAINTES | § | ORANGE COUNTY, TEXAS |

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Tryon D. Lewis, Chairman of the Texas Transportation Commission, and Certifies to the court as follows:

That on July 10, 2017, I was duly served with Citation and copy of Plaintiffs' Original Petition and Requests for Disclosure in the above styled and numbered cause, which I immediately caused to be forwarded by U.S. Certified Mail, certified number 7016 2070 0000 2912 6616 addressed to Kenneth R. Saintes, 105 Briarwood Drive, Franklin, LA 70538 with postage prepaid, return receipt requested;

In witness whereof, this certificate is issued in Austin, Texas, this 13th day of July, 2017.



_____
Chairman, Texas Transportation Commission

3

CLAY DUGAS
AND ASSOCIATES
ATTORNEYS AT LAW

250 PINE STREET, SUITE 1750
BEAUMONT, TEXAS 77701

(409) 813-1111
FAX (409) 813-1396
WWW.CLAYDUGAS.COM

BOARD CERTIFIED PERSONAL INJURY TRIAL LAW

TEXAS BOARD OF LEGAL SPECIALIZATION

June 30, 2017

Tryon D. Lewis, Chairman
Texas Transportation Commission
125 E. 11th Street
Austin, Texas 78701-2483

Re:     Cause No. 170213-C; David Dies, et al v. American Pollution Control Corp., et
         al

Dear Mr. Lewis:

Enclosed please find two (2) copies of Plaintiffs' Original Petition with citation for service of process (with Plaintiffs' Interrogatories and Requests For Production to Defendant, Kenneth R. Saintes attached).

Please serve the above process pursuant to the Long-Arm Statute, TEX.CIV.PRAC.& REM.CODE ANN. §17.061, et seq to Defendant, Lucas James Mouton at his last known home address as follows:

Kenneth R. Saintes
105 Briarwood Drive
Franklin, LA 70538

I would also request that you send me a certificate of service upon notification that the Defendant has been served. I have enclosed our check in the amount of $25.00 for your services. Thank you for your assistance in this matter. Should you have any questions, please do not hesitate to call.

Sincerely,

Alisa Leach
Paralegal

4

7015 0640 0002 1144 0902





**Exhibit A**

### Texas Department of Transportation

125 EAST 11TH STREET, AUSTIN, TEXAS 78701-2483 | 512.463.8630 | WWW.TXDOT.GOV

COPY

July 13, 2017

Kenneth R. Saintes
105 Briarwood Drive
Franklin, LA 70538

Re:   GCD No. 42789
      Cause No. 170213-C
      Orange County
      Plaintiff: David Dies, Jr., et al
      Defendant:  Kenneth R. Saintes

Dear Sir/Madam:

In compliance with the Texas long-arm statute, Texas Civil Practice and Remedies Code, Chapter 17, Subchapter D, the Chair of the Texas Transportation Commission was duly served with the enclosed Citation and Plaintiffs' Original Petition and Requests for Disclosure on July 10, 2017.

This agency's only role in the process is to serve as an out-of-state defendant's agent for service of process.  We are unable to answer any questions or respond to correspondence regarding this lawsuit.  All questions or concerns should be addressed to the attorney noted below.

General Counsel Division

Enclosures

cc:   Clay Dugas
      Attorney at Law
      350 Pine St., Suite 1750
      Beaumont, TX 78701-2483
      Telephone (409) 813 1111

U.S. Certified Mail No. 7016 2070 0000 2912 6616
Return Receipt Requested

OUR VALUES: *People • Accountability • Trust • Honesty*
OUR MISSION: *Through collaboration and leadership, we deliver a safe, reliable, and integrated transportation system that enables the movement of people and goods.*

An Equal Opportunity Employer

6

FILED: 6/27/2017 5:10 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Reviewed By: Justin Rhodes

CAUSE NO. D170213-C

| | | |
|---|---|---|
| DAVID DIES, JR. | § | IN THE DISTRICT COURT |
| AND JENNIFER MANN, AS NEXT | § | |
| FRIEND OF XXXX MANN, MINOR | § | |
| | § | |
| v. | § | ORANGE COUNTY, TEXAS |
| | § | |
| AMERICAN POLLUTION CONTROL | § | |
| CORP. (AMPOL), | § | |
| DAVID SOILEAU and | § | |
| KENNETH R. SAINTES | § | 260th   JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **DAVID DIES, JR.** and **JENNIFER MANN, AS NEXT FRIEND OF XXXX MANN, MINOR,** hereinafter referred to as Plaintiffs, and file their Original Petition and Requests for Disclosure complaining of **AMERICAN POLLUTION CONTROL CORP., (AMPOL), DAVID SOILEAU** and **KENNETH R. SAINTES,** hereinafter referred to as Defendants, and for cause of action would respectfully show unto the Court and Jury the following:

I.

## DISCOVERY

Plaintiffs intend that discovery be conducted under Level III.

II.

## PARTIES

Plaintiff, **DAVID DIES, JR.** is a resident of Orange, Orange County, Texas.

AO

Plaintiff, **JENNIFER MANN, AS NEXT FRIEND OF XXXX MANN, MINOR**, is a resident of Orange, Orange County, Texas.

Defendant, **AMERICAN POLLUTION CONTROL CORP. (AMPOL)** is a Louisiana corporation doing business in the venue and jurisdiction of this court who is required to maintain a registered agent in this state, but who does not have a registered agent in this state. AMERICAN POLLUTION CONTROL CORP. (AMPOL) may be served by service on the Secretary of State as designated agent pursuant to Tex.Civ.Prac.& Rem. Code § 17.044(a)(1). Plaintiff requests that the Secretary of State serve American Pollution Control Corp. (AMPOL) at its home office address of 401 Admiral Doyle Drive, New Iberia, LA 70560.

Defendant, **DAVID SOILEAU** is an individual who may be served at 182 Ridgewood, Bridge City, Texas 77611. Plaintiff requests that the clerk issue citation and forward same to Plaintiff's counsel for personal service by a private process server.

Defendant, **KENNETH R. SAINTES** is an individual residing in the State of Louisiana and may be served by serving the the Chairman of the Texas Transportation Commission, pursuant to Tex. Civ. Prac. & Rem. Code § 17.062. The Chairman is requested to mail a copy of the citation and petition and request for disclosure with Interrogatories and Request for Production by certified mail, return receipt requested, to the defendant at 105 Briarwood Drive, Franklin, LA 70538 in accordance with Tex. Civ. Prac. & Rem. Code § 7.063. Plaintiff requests that the clerk issue citation and forward same to Plaintiffs' counsel for personal service by a private process server.

**Exhibit A**

IIII.

**VENUE AND JURISDICTION**

Venue is proper in Orange County, Texas pursuant to Texas Civil Practice and Remedies Code §15.002(a) in that a substantial part of the acts or omissions occurred in Orange County, Texas.  Plaintiffs would further allege that the amount in controversy exceeds the minimal jurisdictional requirements of this Court.

IV.

**FACTS**

On or about December 21, 2016, Plaintiffs, David Dies, Jr. and his stepson, Kody Mann, were operating a 2002 Chevrolet C1500 pickup truck in a northerly direction in the 1700 block of Texas Avenue in Bridge City, Texas. As Plaintiffs traveled in a cautious and prudent manner in the inside lane of Texas Avenue, Defendants, American Pollution Control Corp. (AMPOL) and Kenneth R. Saintes recklessly failed to control his speed and suddenly and without warning struck Plaintiffs when Plaintiff, David Dies, Jr. was suddenly directed by an off-duty law enforcement officer working on behalf of Claybar Funeral Home as a private police officer escort to stop for an oncoming funeral procession.  Defendant, Kenneth R. Saintes, was operating a 2012 Ford 250 Supercab Pickup owned by Defendant, American Polution Control Corp. (AMPOL) .

V.

**NEGLIGENCE OF KENNETH SAINTES**

Defendant driver **KENNETH R. SAINTES** was acting in the course and scope of his contracted employment with Defendant, **AMERICAN POLLUTION CONTROL**

3

**9**

**CORP. (AMPOL)** at the time of the collision, and the driver's negligence and gross negligence was the proximate cause of the injuries and the damages sustained by Plaintiffs.  This Defendant's negligence includes, but is not limited to, the following:

1.    In failing to maintain full and complete control over his vehicle at all times;

2.    In failing to exercise due care and diligence in the operation of his vehicle;

3.    Failing to control his speed;

4.    In driving in a negligent and unsafe manner;

5.    Driver inattentiveness; and

6.    Such other and further acts of negligence as may be supplemented as a result of discovery performed in this suit.

Each of the above and foregoing acts of negligence was a proximate cause of the collision made the basis of this suit and Plaintiffs' resulting injuries and damages.

## VI.

Plaintiffs would further show that the Defendant, David Soileau, was negligent in directing traffic on Texas Avenue on December 21, 2016 when he suddenly and without warning or regard to oncoming traffic stopped ongoing traffic for a funeral procession.

## VII.

## NEGLIGENCE PER SE

Plaintiffs would show that at the time and on the occasion in question, Defendant, Kenneth Saintes, was driving his vehicle in such a fashion as to constitute one or more violations of Article 6701d of the Revised Civil Statutes of the State of Texas and, therefore, Defendant was negligent per se at the time of the collision which caused the injuries to Plaintiffs.  Plaintiffs are of the class that such statutes were designed to

4

protect, and the harm that resulted was of the type these statutes are enacted to prevent.

## VIII.

## RESPONDEAT SUPERIOR

At all relevant times, it is believed that Kenneth R. Saintes was working within the course and scope of his employment for **AMERICAN POLLUTION CONTROL CORP. (AMPOL)**, and in furtherance of their business.  Accordingly, Kenneth R. Saintes and American Pollution Control Corp. (AMPOL) are liable pursuant to the theory of law known as respondeat superior and pursuant to the laws of agency for its driver's wrongful acts, omissions, carelessness and neglect, and for the damages sustained by Plaintiffs.  Further, at the time of the collision, the vehicle being driven by Defendant Saintes was owned by and under the legal operation of American Pollution Control Corp. (AMPOL), and said Defendants are liable for the careless and negligent operation of said vehicle, which was a proximate cause of the collision and damages sustained by Plaintiffs.

## IX.

## GROSS NEGLIGENCE

Further, Plaintiffs would show that the Defendant, **KENNETH R. SAINTES**, was known to be an unsafe driver.  Defendant, **AMERICAN POLLUTION CONTROL CORP's. (AMPOL)** decision to allow their agent, servant and employee,  to operate a

5

**Exhibit A**

tractor and tank on the highway, given his driving record and the potential for disaster,

signifies conscious indifference and gross negligence on the part of Defendant,

**AMERICAN POLLUTION CONTROL CORP. (AMPOL).**

**X.**

**NEGLIGENT HIRING, AND SUPERVISION**

Further, **AMERICAN POLLUTION CONTROL CORP. (AMPOL)** was negligent in

hiring a driver who they knew, or should have known, was incompetent and unfit.  Such

negligence was a proximate cause of the Plaintiffs' damages.

Further, **AMERICAN POLLUTION CONTROL CORP. (AMPOL)** failed to properly

supervise and train its contracted driver, and such negligence was a proximate cause of

the collision and the Plaintiffs' damages.

**XI.**

**DAMAGES**

As a proximate result of the incident made the basis of this suit and Defendants'

negligent acts and conduct, Plaintiffs bring this suit against Defendants to recover

damages for the following items:

1.   Past medical bills and expenses incurred as a proximate result of the
     accident made the basis of this suit;

2.   Future medical bills and expenses that in all reasonable probability will be
     incurred as a proximate result of the accident made the basis of this suit;

3.   Mental anguish and physical pain and suffering in the past and in the
     future;

4.   Physical impairment in the past and in the future;

5.   Lost wages;

6.   Lost earning capacity;

6

12

7.     Pre-judgment and post-judgment interest;

8.     Exemplary damages; and

9.     Such other and further items of damages as may be supplemented as a result of the discovery performed in this suit.

Plaintiffs assert that the damages herein are in a sum far in excess of the minimum jurisdictional limits of this Honorable Court.

## XII.

## EXEMPLARY DAMAGES

The acts and omissions of **AMERICAN POLLUTION CONTROL CORP. (AMPOL)** and **KENNETH R. SAINTES** referenced above, not only constituted negligence, but gross negligence, wanton and willful misconduct, and conscious indifference for the rights and welfare of Plaintiffs, thereby entitling Plaintiffs to recover punitive or exemplary damages in such amount as the jury finds to be proper upon trial of this matter.

## XIII.

## PREJUDGMENT INTEREST

Plaintiffs assert a claim for prejudgement interest on all elements of damages that such interest is allowed for, at the highest lawful rate per annum.

## XIV.

## REQUIREMENT UNDER RULE 47 OF THE TEXAS RULES OF CIVIL PROCEDURE

Discovery in this case is in its infancy, and Plaintiffs believe it is the sole province of the jury to determine the amount of monetary compensation that is appropriate in this case. However, under the newly established Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiffs are required to specifically plead the amount of monetary compensation being

**Exhibit A**

sought.  In an abundance of caution, and with deference to the right of the jury to determine the amount of monetary compensation to be awarded, Plaintiffs respectfully plead for monetary compensation under Rule 47(c), subsection 5 of the Texas Rules of Civil Procedure.   Plaintiff respectfully pleads for monetary relief over $1,000,000 under Rule 47(c)(5) of the Texas Rules of Civil Procedure.

## XV.

Pursuant to Rule 194, Defendants are requested to disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(c), Rule 194.2(e)-(i) and Rule 194.2(k)-(l).

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon trial they recover from Defendants, jointly and severally, their actual damages, and exemplary or punitive damages prayed for herein, plus prejudgment interest, cost of court, and all other relief to which they may show entitlement.

Respectfully submitted,

CLAY DUGAS & ASSOCIATES

CLAY DUGAS
TBA #06173200
dugas@claydugas.com
350 Pine Street, Suite 1750
BEAUMONT, TX 77701
TELEPHONE: (409) 813-1111
FAX:  (409) 813-1396

**ATTORNEYS FOR PLAINTIFFS**

**JURY DEMAND**

**PLAINTIFFS HEREBY REQUESTS A TRIAL BY JURY**

**14**

**CAUSE NO. D170213-C**

| | | |
|---|---|---|
| **DAVID DIES, JR.** | § | **IN THE DISTRICT COURT** |
| **AND JENNIFER MANN, AS NEXT** | § | |
| **FRIEND OF XXXX MANN, MINOR** | § | |
| | § | **ORANGE COUNTY, TEXAS** |
| **V.** | § | |
| | § | |
| **AMERICAN POLLUTION CONTROL INC.** | § | |
| **DAVID SOILEAU AND KENNETH SAINTES** | § | **260th JUDICIAL DISTRICT** |

## DEFENDANT DAVID SOILEAU'S DEFENSES, ANSWER AND REQUEST FOR DISCLOSURE

Defendant comes now and files her answer, defenses and General Denial.

DEFENSES

1. Defendant DAVID SOILEAU invokes the doctrine of comparative negligence and proportionate responsibility. The collision with Plaintiff's vehicle was caused solely by the Defendant SAINTES, for whom the Defendant SOILEAU is not liable.

2. Defendant DAVID SOILEAU is protected from suit and liability by qualified immunity.

3. Defendant DAVID SOILEAU is entitled to the protections available to him through common law and statutory official immunity.

4. Under TRCP 194, Defendant requests that Plaintiff disclose, within 30 days of the service of this request, the information or material described in Rule 194.2

GENERAL DENIAL

5. Subject to the foregoing assertion of immunity, pleas and defenses, Defendant DAVID SOILEAU asserts a general denial and respectfully requests that Plaintiff be required to prove all alleged charges and allegations made by a preponderance of the evidence.

6.

PRAYER

7.      Defendant DAVID SOILEAU prays that he be released, discharged, and acquitted of all

charges and allegations filed against him, that judgment be rendered in her favor, that Plaintiffs'

take nothing by reason of this suit, and that Defendant DAVID SOILEAU recover all costs of

court and attorney's fees incurred in defending against Plaintiffs' claims, as well as other relief to

which Defendant is justly entitled in law and equity.

Respectfully submitted,

Gregory B. Cagle, P.C.

By:   /s/ Gregory B. Cagle
        Gregory B. Cagle
        State Bar No. 00790414
        Texas Municipal Police Assoc.
        1602B State St.
        Houston, Texas 77007
        Tel: (713) 489-4789
        Fax: (713) 489-4792
        gcagle@tmpalawyer.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendants'
Original Answer has been served via electronic mail to the following on this the 4th day of
August, 2017:

Dugas@claydugas.com

*Gregory B. Cagle*

Exhibit A

Case 1:17-cv-00526-MAC-KFG   Document 1-1   Filed 12/15/17   Page 17 of 77 PageID #: 34

FILED 9/8/2017 2:51 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Reviewed By: Justin Rhodes

CAUSE NO. D170213-C

| | | |
|---|---|---|
| DAVID DIES, JR. AND JENNIFER MANN, AS NEXT FRIEND OF XXXX, MANN, MINOR | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | ORANGE COUNTY, TEXAS |
| AMERICAN POLLUTION CONTROL CORP. (AMPOL), DAVID SOILEAU AND KENNETH R. SAINTES | § § § | |
| Defendants | § | 260th JUDICIAL DISTRICT |

## DEFENDANT KENNETH R. SAINTES' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE COURT:

Kenneth R. Saintes, Defendant in the above-styled cause, files this Original Answer and in support thereof would respectfully show this Honorable Court the following:

**I.**
**GENERAL DENIAL**

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant Kenneth R. Saintes denies generally the allegations contained in Plaintiffs' pleadings and demands strict proof of each of the allegations therein.

**II.**
**PRAYER**

WHEREFORE, Defendant Kenneth R. Saintes respectfully requests that Plaintiffs take nothing, and for such other and further relief, whether at law or in equity, to which Defendant may show himself justly entitled.

Respectfully submitted,

BROWN SIMS

By: _____

Robert M. Browning
Texas Bar No. 00796264
Casey A. Armstrong
State Bar No. 24067491
1177 West Loop South, 10th Floor
Houston, Texas 77027-9007
Telephone:   (713) 629-1580
Facsimile:    (713) 629-5027
rbrowning@brownsims.com
carmstrong@brownsims.com

**ATTORNEYS FOR DEFENDANT
KENNETH R. SAINTES**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the following instrument has been served on all counsel in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure on August 8, 2017.

*Via Facsimile: 409-813-1396*
*Via Email: lclay@claydugas.com*
Clay Dugas
CLAY DUGAS & ASSOCIATES
350 Pine Street, Suite 1750
Beaumont, Texas 77701

*Via Facsimile: 713-489-4792*
**Via Email: gcagle@tmpalawyer.com**
Gregory Cagle
GREGORY B. CAGLE, P.C.
1602b State Street
Houston, Texas 77007

Robert M. Browning

CAUSE NO. D170213-C

| | | |
|---|---|---|
| DAVID DIES, JR. AND JENNIFER | § | IN THE DISTRICT COURT OF |
| MANN, AS NEXT FRIEND OF XXXX, | § | |
| MANN, MINOR | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | ORANGE COUNTY, TEXAS |
| | § | |
| AMERICAN POLLUTION CONTROL | § | |
| CORP. (AMPOL), DAVID SOILEAU | § | |
| AND KENNETH R. SAINTES | § | |
|     Defendants | § | 260th JUDICIAL DISTRICT |

## DEFENDANT AMERICAN POLLUTION CONTROL CORPORATION'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE COURT:

American Pollution Control Corporation, a named Defendant in the above-styled cause, files this Original Answer and in support thereof would respectfully show this Honorable Court the following:

## I.
## GENERAL DENIAL

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant American Pollution Control Corporation denies generally the allegations contained in Plaintiffs' pleadings and demands strict proof of each of the allegations therein.

## II.
## PRAYER

WHEREFORE, Defendant American Pollution Control Corporation respectfully requests that Plaintiffs take nothing, and for such other and further relief, whether at law or in equity, to which Defendant may show itself justly entitled.

Exhibit A

Respectfully submitted,
BROWN SIMS

By: _____
    Robert M. Browning
    Texas Bar No. 00796264
    Casey A. Armstrong
    State Bar No. 24067491
    Joshua S. Myers
    State Bar No. 24085489
    1177 West Loop South, 10th Floor
    Houston, Texas 77027-9007
    Telephone: (713) 629-1580
    Facsimile: (713) 629-5027
    rbrowning@brownsims.com
    carmstrong@brownsims.com
    jmyers@brownsims.com

**ATTORNEYS FOR DEFENDANT
AMERICAN POLLUTION CONTROL
CORPORATION**

### CERTIFICATE OF SERVICE

    I hereby certify that on August 22, 2017, a true and correct copy of the foregoing document was served on all parties of record in accordance with the Texas Rules of Civil Procedure.

*Via Facsimile: 409-813-1396*
*Via Email: dugas@claydugas.com*
Clay Dugas
CLAY DUGAS & ASSOCIATES
350 Pine Street, Suite 1750
Beaumont, Texas 77701

*Via Facsimile: 713-489-4792*
**Via Email: gcagle@tmpalawyer.com**
Gregory Cagle
GREGORY B. CAGLE, P.C.
1602b State Street
Houston, Texas 77007

_____
Robert M. Browning

CAUSE NO. <u>D170213-C</u>

| | | |
|---|---|---|
| **DAVID DIES, JR., ET AL.** | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | **ORANGE COUNTY, TEXAS** |
| | § | |
| **AMERICAN POLLUTION CONTROL** | § | |
| **CORP. (AMPOL),** | § | |
| **DAVID SOILEAU and** | § | |
| **KENNETH R. SAINTES** | § | **260**<sup>TH</sup> **JUDICIAL DISTRICT** |

**PLAINTIFFS' FIRST AMENDED PETITION AND**
<u>**REQUESTS FOR DISCLOSURE**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **DAVID DIES, JR.** and **KODY MANN** hereinafter referred to as Plaintiffs, and file their First Amended Petition and Requests for Disclosure complaining of **AMERICAN POLLUTION CONTROL CORP., (AMPOL)**, **CITY OF BRIDGE CITY** and **KENNETH R. SAINTES,** hereinafter referred to as Defendants, and for cause of action would respectfully show unto the Court and Jury the following:

I.

<u>**DISCOVERY**</u>

Plaintiffs intend that discovery be conducted under Level III.

AO

Exhibit A

## II.

## PARTIES

Plaintiff, **DAVID DIES, JR.** is a resident of Orange County, Texas.

Plaintiff, **KODY MANN** is a resident of Orange County, Texas.

Defendant, **AMERICAN POLLUTION CONTROL CORP. (AMPOL)** is a Louisiana corporation doing business in the venue and jurisdiction of this court. Defendant has been served with process and is before the court therefore service is not necessary.

Defendant, **CITY OF BRIDGE CITY, an incorporated municipality,** may be served by serving City Attorney, 260 Rachal Avenue, Bridge City, TX 77611. Plaintiff requests that the clerk issue citation and forward same to Plaintiff's counsel for personal service by a private process server.

Defendant, **KENNETH R. SAINTES** is an individual residing in the State of Louisiana and who has been served with process and is before the Court therefore service upon this Defendant is not necessary.

## IIII.

## VENUE AND JURISDICTION

Venue is proper in Orange County, Texas pursuant to Texas Civil Practice and Remedies Code §15.002(a) in that a substantial part of the acts or omissions occurred in Orange County, Texas.  Plaintiffs would further allege that the amount in controversy exceeds the minimal jurisdictional requirements of this Court.

## IV.

## FACTS

On or about December 21, 2016, Plaintiffs, David Dies, Jr. was operating and his stepson, Kody Mann was a passenger in David Dies, Jr.'s 2002 Chevrolet C1500 pickup truck travelling north in the 1700 block of Texas Avenue in Bridge City, Texas.    Plaintiffs were stopped in the inside lane of Texas Avenue as a result of a funeral procession directed by an off-duty law enforcement officer, David Soileau, who was employed with City of Bridge City Police Department and was working as a private police escort on behalf of Claybar Funeral Home when Defendants, American Pollution Control Corp. (AMPOL) and Kenneth R. Saintes recklessly failed to control his speed and suddenly and without warning struck Plaintiffs causing bodily injuries to Plaintiffs including injuries to their neck, back, feet and body generally. Defendant, Kenneth R. Saintes, was operating a 2012 Ford 250 Supercab Pickup owned by Defendant, American Pollution Control Corp. (AMPOL).

## V.

## NEGLIGENCE OF KENNETH SAINTES

Defendant driver **KENNETH R. SAINTES** was acting in the course and scope of his contracted employment with Defendant, **AMERICAN POLLUTION CONTROL CORP. (AMPOL)** at the time of the collision, and the driver's negligence and gross negligence was the proximate cause of the injuries and the

3

damages sustained by Plaintiffs.  This Defendant's negligence includes, but is not limited to, the following:

1.       In failing to maintain full and complete control over his vehicle at all times;

2.       In failing to exercise due care and diligence in the operation of his vehicle;

3.       Failing to control his speed;

4.       In driving in a negligent and unsafe manner;

5.       Driver inattentiveness; and

6.       Such other and further acts of negligence as may be supplemented as a result of discovery performed in this suit.

Each of the above and foregoing acts of negligence was a proximate cause of the collision made the basis of this suit and Plaintiffs' resulting injuries and damages.

## VI.

## NEGLIGENCE OF CITY OF BRIDGE CITY – BRIDGE CITY POLICE DEPARTMENT

Plaintiffs would further show that the Defendant, The City of Bridge City, an incorporated municipality, through the City of Bridge City Police Department, was negligent when its employee, Officer David Soileau was directing traffic on Texas Avenue on December 21, 2016 when he suddenly and without warning or regard

to oncoming traffic stopped ongoing traffic for a funeral procession.    This action taken by the City of Bridge City, an incorporated municipality, was improper, sudden, unexpected and without warning causing a sudden and foreseeable reaction by traffic.  This sudden action by the City of Bridge City, an incorporated municipality, is the proximate cause of actual damages to the plaintiffs.

## VII.

## NEGLIGENCE PER SE

Plaintiffs would show that at the time and on the occasion in question, Defendant, Kenneth Saintes, was driving his vehicle in such a fashion as to constitute one or more violations of Article 6701d of the Revised Civil Statutes of the State of Texas and the Texas Transportation Code, Title 7  and, therefore, Defendant was negligent per se at the time of the collision which caused the injuries to Plaintiffs.  Plaintiffs are of the class that such statutes were designed to protect, and the harm that resulted was of the type these statutes are enacted to prevent.

## VIII.

## RESPONDEAT SUPERIOR

At all relevant times, it is believed that Kenneth R. Saintes was working within the course and scope of his employment for **AMERICAN POLLUTION CONTROL CORP. (AMPOL)**, and in furtherance of their business.  Accordingly, Kenneth R.

Saintes and American Pollution Control Corp. (AMPOL) are liable pursuant to the theory of law known as respondent superior and pursuant to the laws of agency for its driver's wrongful acts, omissions, carelessness and neglect, and for the damages sustained by Plaintiffs.  Further, at the time of the collision, the vehicle being driven by Defendant Saintes was owned by and under the legal operation of American Pollution Control Corp. (AMPOL), and said Defendants are liable for the careless and negligent operation of said vehicle, which was a proximate cause of the collision and damages sustained by Plaintiffs.

## IX.

## NEGLIGENT HIRING AND SUPERVISION

Further, **AMERICAN POLLUTION CONTROL CORP. (AMPOL)** was negligent in hiring a driver who they knew, or should have known, was incompetent and unfit.  Such negligence was a proximate cause of the Plaintiffs' damages.

Further, **AMERICAN POLLUTION CONTROL CORP. (AMPOL)** failed to properly supervise and train its contracted driver, and such negligence was a proximate cause of the collision and the Plaintiffs' damages.

## X.

## GROSS NEGLIGENCE

Further, Plaintiffs would show that the Defendant, **KENNETH R. SAINTES,** was known to be an unsafe driver.  Defendant, **AMERICAN POLLUTION**

6

CONTROL CORP's. (AMPOL) decision to allow their agent, servant and employee to operate a commercial vehicle on the highway, given his driving record and the potential for disaster, signifies conscious indifference and gross negligence on the part of Defendant, **AMERICAN POLLUTION CONTROL CORP. (AMPOL).**

## XI.

## DAMAGES

As a proximate result of the incident made the basis of this suit and Defendants' negligent acts and conduct, Plaintiffs bring this suit against Defendants to recover damages for the following items:

1. Past medical bills and expenses incurred as a proximate result of the accident made the basis of this suit;

2. Future medical bills and expenses that in all reasonable probability will be incurred as a proximate result of the accident made the basis of this suit;

3. Mental anguish and physical pain and suffering in the past and in the future;

4. Physical impairment in the past and in the future;

5. Lost wages;

6. Lost earning capacity;

7. Pre-judgment and post-judgment interest;

8. Exemplary damages; and

9. Such other and further items of damages as may be supplemented as a result of the discovery performed in this suit.

Exhibit A

Plaintiffs assert that the damages herein are in a sum far in excess of the minimum jurisdictional limits of this Honorable Court.

## XII.

## <u>EXEMPLARY DAMAGES</u>

The acts and omissions of **AMERICAN POLLUTION CONTROL CORP. (AMPOL)** and **KENNETH R. SAINTES** referenced above, not only constituted negligence, but gross negligence, wanton and willful misconduct, and conscious indifference for the rights and welfare of Plaintiffs, thereby entitling Plaintiffs to recover punitive or exemplary damages in such amount as the jury  finds to be proper upon trial of this matter.

## XIII.

## <u>PRESERVATION OF EVIDENCE</u>

Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs, videotapes, audiotapes, recordings, business or medical records; bills; estimates; invoices; checks; measurements; correspondence; memoranda; files; any item which has been removed from the premises which was involved in the incident; facsimile; email; voicemail; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or

Exhibit A

information related to Plaintiff, the referenced incident, or any damages resulting there from. Failure to maintain such items will constitute a spoliation of the evidence.

## XIV.

## PREJUDGMENT INTEREST

Plaintiffs assert a claim for prejudgement interest on all elements of damages that such interest is allowed for, at the highest lawful rate per annum.

## XV.

## REQUIREMENT UNDER RULE 47 OF THE TEXAS RULES OF CIVIL PROCEDURE

Discovery in this case is in its infancy, and Plaintiffs believe it is the sole province of the jury to determine the amount of monetary compensation that is appropriate in this case. However, under the newly established Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiffs are required to specifically plead the amount of monetary compensation being sought.  In an abundance of caution, and with deference to the right of the jury to determine the amount of monetary compensation to be awarded, Plaintiffs respectfully plead for monetary compensation under Rule 47(c), subsection 5 of the Texas Rules of Civil Procedure. Plaintiffs respectfully pleads for monetary relief over $1,000,000 under Rule 47(c)(5) of the Texas Rules of Civil Procedure.

9

## XVI.

### JURY DEMAND

Pursuant to Texas Rule of Civil Procedure 216, Plaintiffs respectfully request and demands a trial by jury.

## XVII.

### REQUESTS FOR DISCLOSURE

Pursuant to Rule 194, Defendants are requested to disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(c), Rule 194.2(e)-(i) and Rule 194.2(k)-(l).

### CONCLUSION AND PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon trial they recover from Defendants, jointly and severally, their actual damages, and exemplary or punitive damages prayed for herein, plus prejudgment interest, cost of court, and all other relief to which they may show entitlement.

Respectfully submitted,

CLAY DUGAS & ASSOCIATES

CLAY DUGAS
TBA #06173200
dugas@claydugas.com
350 Pine Street, Suite 1750

BEAUMONT, TX 77701
TELEPHONE: (409) 813-1111
FAX:  (409) 813-1396
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument has been forwarded to all known opposing counsel of record in the manner required by Tex.R.Civ.P. on this the 11th day of October, 2017.

**CLAY DUGAS**

CAUSE NO. D170213-C

| | | |
|---|---|---|
| DAVID DIES, JR., AND | § | IN THE DISTRICT COURT OF |
| JENNIFER MANN, AS NEXT FRIEND | § | |
| OF XXXX MANN, MINOR, | § | |
| *Plaintiffs*, | § | |
| | § | |
| V. | § | ORANGE COUNTY, TEXAS |
| | § | |
| AMERICAN POLLUTION CONTROL, | § | |
| CORP. (AMPOL), DAVID SOILEAU AND | § | |
| KENNETH R. SAINTES, | § | |
| *Defendants*. | § | 260TH JUDICIAL DISTRICT |

### DEFENDANT CITY OF BRIDGE CITY'S PLEA TO THE JURISDICTION AND MOTION TO DISMISS

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW CITY OF BRIDGE CITY, Defendant in the above-styled and numbered cause, files this its Plea to the Jurisdiction and Motion to Dismiss, and would respectfully show unto the Court the following:

### I.
### INTRODUCTION

Plaintiffs David Dies, Jr. and Jennifer Mann, as next friend of XXXX Mann, Minor ("Plaintiffs" or "Dies and Mann") were involved in a motor vehicle accident that occurred while City of Bridge City Police Officer David Soileau ("Soileau") was directing traffic. Plaintiffs assert claims against the City based on Soileau's alleged negligence. However, the City's immunity has not been waived, and the Court lacks subject matter jurisdiction over Plaintiffs' claims against the City.

### II.
### UNDISPUTED FACTS

Dies and Mann were traveling in a motor vehicle on December 21, 2016 in Bridge City. Soileau was off-duty and escorting a funeral procession for Claybar Funeral Home. However, he

Exhibit A

was operating his Bridge City patrol vehicle, wearing his police uniform, and had activated his emergency lights.  He used his patrol vehicle to block southbound and northbound traffic on Texas Avenue.

Dies was able to stop his vehicle without incident in order to allow the funeral procession to pass.  However, Dies claims the vehicle behind him failed to stop and struck Dies's vehicle in the rear.  Plaintiffs allege Soileau was negligent, without specifying what Soileau did or failed to do, other than as described above.

## III.
### ARGUMENTS AND AUTHORITIES

The City is a political subdivision of the state, and therefore enjoys governmental immunity from suit in the performance of its governmental functions, unless that immunity is waived by the Legislature in clear and unambiguous language.  *See Tooke v. City of Mexia*, 197 S.W.3d 325, 343-44 (Tex. 2006); TEX. GOV'T CODE § 311.034.  Governmental immunity deprives a trial court of subject matter jurisdiction in suits against governmental units.  *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004).  A plaintiff suing the city must allege a valid waiver of governmental immunity and plead sufficient facts to demonstrate jurisdiction.  *Gay v. City of Wichita Falls*, 457 S.W.3d 499, 504 (Tex. App.—El Paso 2014, no pet.).  A challenge to a trial court's subject matter jurisdiction may be asserted by a plea to the jurisdiction.  *Miranda*, 133 S.W.3d at 225-26.  As set forth below, because Bridge City is immune, and because Dies and Mann have not pled and cannot establish a waiver of immunity, the Court lacks jurisdiction over Dies and Mann's claims for negligence.

Section 101.021 of the Texas Tort Claims Act waives a local governmental entity's immunity from suit if property damage or personal injury arises from an employee's operation or use of a motor-driven vehicle within the scope of employment.  TEX. CIV. PRAC. & REM. CODE §

101.021.  Such waiver of sovereign immunity is a limited one.  *Williams v. City of Baytown*, 467 S.W.3d 566, 573 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Tex. Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001)).  To demonstrate a waiver under Section 101.021, a plaintiff must show a causal nexus between the employee's use of the vehicle and the injuries sustained; the vehicle's use must have actually caused the injury, rather than merely furnishing the condition that made the injury possible.  *Williams*, 467 S.W.3d at 573-74.

Courts have found immunity is not waived when the officer's vehicle is not directly involved in the collision.  *Williams*, 467 S.W.3d at 574-76.  For example, a parked vehicle that is not directly involved in the collision merely furnishes the condition that makes injury possible; it does not actually cause the injury.  *See Tex. Dep't of Pub. Safety v. Grisham*, 232 S.W.3d 822, 827 (Tex. App.—Houston [14th Dist.] 2007, no pet.).  Immunity may be waived, however, when the evidence shows that an officer used his vehicle in an obviously negligent manner.  *See Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922, 926 (Tex. 2015) (upholding a waiver of immunity for an incident in which an officer turned his car around in the middle of the night so that it faced oncoming traffic with all of its headlights, high-beam spotlight, and emergency lights on, causing another driver to collide with a stopped vehicle within seconds).  When such conduct is due to a "flawed execution of policy," government liability may indeed exist.  *Ryder Integrated Logistics, Inc.*, 453 S.W.3d at 928.  On the other hand, evidence of attenuation—showing, for example, that other vehicles passed without incident after the officer's allegedly negligent conduct—tends to show a mere condition rather than the actual cause of an accident.  *See Northcutt v. City of Hearne*, No. 10-14-00012-CV, 2015 WL 4727197, at *5 (Tex. App.—Waco July 30, 2015, pet. denied); *cf. Ryder*, 453 S.W.3d at 930 (noting that the officer's operation of his vehicle might not have been attenuated enough from the alleged injuries).

Here, Soileau had parked his patrol vehicle, with his emergency lights activated, to block traffic so that he could direct the funeral procession.  Plaintiff Dies stopped his vehicle without incident, establishing that Soileau's actions did not cause the accident.  Soileau's vehicle was not directly involved in the collision that involved Plaintiffs; at best, Soileau's conduct could be said to have furnished the condition that made the collision possible, but it did not actually cause the collision.  Soileau's conduct did not arise to the level of a "flawed execution of policy," and the collision was sufficiently attenuated from Soileau's parking of his vehicle.  Another driver rear-ending Plaintiffs' vehicle was the cause of Plaintiffs' alleged injuries, not Soileau's conduct.

Because Plaintiffs have failed to show that Soileau's use of his vehicle actually caused their alleged injuries, they have thus failed to show a waiver of Defendant's immunity.

## IV.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant the City of Bridge City respectfully prays that this Court grant its Plea to the Jurisdiction and Motion to Dismiss, and for such other relief to which Defendant is justly entitled.

Respectfully submitted,

**GERMER PLLC**
P.O. Box 4915
Beaumont, Texas 77704-4915
(409) 654-6700 – Telephone
(409) 835-2115 – Facsimile
enew@germer.com

**B. Eliot New**
State Bar No. 24060328

**COUNSEL FOR DEFENDANT,
CITY OF BRIDGE CITY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of October, 2017, a true and correct copy of **Defendant City of Bridge City's Plea to the Jurisdiction and Motion to Dismiss** was forwarded to all known counsel of record pursuant to the Texas Rules of Civil Procedure.

**B. Eliot New**

Exhibit A



AUSTIN **BEAUMONT** HOUSTON
www.germer.com

**B. ELIOT NEW**
PRINCIPAL
BOARD CERTIFIED
LABOR AND EMPLOYMENT LAW

enew@germer.com

October 20, 2017

Mr. Clay Dugas                          **VIA E-FILE & FACSIMILE TRANSMITTAL**
CLAY DUGAS & ASSOCIATES                 **(409) 813-1396**
Edison Plaza
350 Pine Street, Suite 1750
Beaumont, TX 77701

Mr. Robert M. Browning                  **VIA E-FILE & FACSIMILE TRANSMITTAL**
Ms. Casey A. Armstrong                  **(713) 629-5027**
Mr. Joshua S. Myers
BROWN SIMS
1177 West Loop South, 10th Floor
Houston, TX 77027-9007

Re:  *David Dies, Jr. and Jennifer Mann, as Next Friend of XXXX Mann, Minor v.*
     *American Pollution Control Corp. (AMPOL), David Soileau and Kenneth R. Saintes*;
     Cause No. D170213-C in the 260th Judicial District Court of Orange County, Texas;
     Germer No.: 93315

Dear Counsel,

     Enclosed is **Defendant City of Bridge City's Original Answer, Subject to its Plea to
the Jurisdiction and Motion to Dismiss,** which was electronically filed with the Court today.

                    Sincerely,

                    **GERMER PLLC**

                    B. Eliot New

BEN/taw
Enclosure

**GERMER PLLC**
550 FANNIN SUITE 400 BEAUMONT, TX 77701
P.O. BOX 4915 BEAUMONT, TX 77704-4915
PHONE: 409.654.6700 • FAX: 409.835.2115

**43**

Exhibit A

CAUSE NO. D170213-C

| | | |
|---|---|---|
| DAVID DIES, JR., AND | § | IN THE DISTRICT COURT OF |
| JENNIFER MANN, AS NEXT FRIEND | § | |
| OF XXXX MANN, MINOR, | § | |
| *Plaintiffs*, | § | |
| | § | |
| V. | § | ORANGE COUNTY, TEXAS |
| | § | |
| AMERICAN POLLUTION CONTROL, | § | |
| CORP. (AMPOL), DAVID SOILEAU AND | § | |
| KENNETH R. SAINTES, | § | |
| *Defendants*. | § | 260TH JUDICIAL DISTRICT |

**DEFENDANT CITY OF BRIDGE CITY'S ORIGINAL ANSWER,
SUBJECT TO ITS PLEA TO THE JURISDICTION AND MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW CITY OF BRIDGE CITY, Defendant in the above-styled and numbered cause, and in answer to Plaintiffs' First Amended Petition filed herein, would show unto the Court the following:

I.
**GENERAL DENIAL**

Defendant denies each and every, all and singular, the material allegations contained in Plaintiffs' First Amended Petition and demands strict proof thereof.

II.
**DEFENSE OF SOVEREIGN IMMUNITY PURSUANT
TO THE TEXAS TORT CLAIMS ACT**

Defendant invokes each and every defense and limitation available under the Texas Civil Practice and Remedies Code and the Texas Tort Claims Act regarding governmental liability for tort claims, and specifically asserts its right to governmental immunity and sovereign immunity in this cause of action.

III.
**SPECIFIC DENIALS AND AFFIRMATIVE DEFENSES**

Defendant would show that Plaintiffs failed to mitigate their damages.

Exhibit A

IV.

Defendant would further show that Plaintiffs' injuries and damages, if any, are the result, in whole or in part, of conditions existing before or arising after the incident made the basis of this lawsuit.

V.

Defendant would show that Plaintiffs' injuries and damages, if any, were caused by persons or entities over which Defendant had no control.

VI.

Defendant would show that Plaintiffs' injuries and damages, if any, were caused by Plaintiffs' own acts and omissions. Any potential recovery is to be reduced by Plaintiffs' own contributory negligence, and should Plaintiffs be found fifty-one percent (51%) or more responsible for their alleged injuries, their recovery is barred. *See* TEX. CIV. PRAC. & REM. CODE § 33.001.

VII.

Defendant hereby invokes all damage caps set forth in the Texas Civil Practice and Remedies Code and the Texas Tort Claims Act.

VIII.

Defendant would further show that Plaintiffs' medical expenses are subject to the limitations set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code and Plaintiffs' lost wages claims are subject to the limitations set forth in Section 18.091 of the Texas Civil Practice and Remedies Code.

IX.

Defendant would show that this accident was caused by a "sudden emergency" and/or an "unavoidable accident" as defined by Texas law.

- 2 -

Exhibit A

## X.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs recover

nothing by way of trial, and for such other and further relief as the Court may deem proper.

Respectfully submitted,

GERMER PLLC
P.O. Box 4915
Beaumont, Texas 77704-4915
(409) 654-6700 – Telephone
(409) 835-2115 – Facsimile
enew@germer.com

**B. Eliot New**
State Bar No. 24060328

COUNSEL FOR DEFENDANT,
CITY OF BRIDGE CITY

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th da y of October, 2017, a true and correct copy of
**Defendant City of Bridge City's Original Answer, Subject to its Plea to the Jurisdiction and
Motion to Dismiss** was forwarded to all known counsel of record pursuant to the Texas Rules of
Civil Procedure.

**B. Eliot New**

- 3 -

46

Exhibit A

## CAUSE NO. D170213-C

| | | |
|---|---|---|
| **DAVID DIES, JR., ET AL.** | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | **ORANGE COUNTY, TEXAS** |
| | § | |
| **AMERICAN POLLUTION** | § | |
| **CONTROL CORP. (AMPOL),** | § | |
| **DAVID SOILEAU and** | § | |
| **KENNETH R. SAINTES** | § | **260TH JUDICIAL DISTRICT** |

## PLAINTIFFS' SECOND AMENDED PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **DAVID DIES, JR.** and **KODY MANN** hereinafter referred to as Plaintiffs, and file their Second Amended Petition and Requests for Disclosure complaining of **AMERICAN POLLUTION CONTROL CORP., (AMPOL), CITY OF BRIDGE CITY** and **KENNETH R. SAINTES,** hereinafter referred to as Defendants, and for cause of action would respectfully show unto the Court and Jury the following:

### I. DISCOVERY

Plaintiffs intend that discovery be conducted under Level III.

### II. PARTIES

Plaintiff, **DAVID DIES, JR.** is a resident of Orange County, Texas.

Plaintiff, **KODY MANN** is a resident of Orange County, Texas.

Defendant, **AMERICAN POLLUTION CONTROL CORP. (AMPOL)** is a Louisiana corporation doing business in the venue and jurisdiction of this court. Defendant has been served with process therefore service upon this Defendant is not necessary.

Defendant, **CITY OF BRIDGE CITY** is governmental entity in the State of Texas and who has been served with process therefore service upon this Defendant is not necessary.

Defendant, **KENNETH R. SAINTES** is an individual residing in the State of Louisiana and who has been served with process therefore service upon this Defendant is not necessary.

### III. VENUE AND JURISDICTION

Venue is proper in Orange County, Texas pursuant to Texas Civil Practice and Remedies Code §15.002(a) in that a substantial part of the acts or omissions occurred in Orange County, Texas.  Plaintiffs would further allege that the amount in controversy exceeds the minimal jurisdictional requirements of this Court.

### IV. FACTS

On or about December 21, 2016, Plaintiffs, David Dies, Jr. was operating and his stepson, Kody Mann was a passenger in his 2002 Chevrolet C1500 pickup truck traveling north in the 1700 block of Texas Avenue in Bridge City, Texas.   Plaintiffs were stopped in the inside lane of Texas Avenue as a result of a funeral procession.  David Soileau, working as a private police escort on behalf of Claybar Funeral Home and had stopped his vehicle to impede traffic. This caused Plaintiff to come to a complete stop, when Defendants, American Pollution Control Corp. (AMPOL) and Kenneth R. Saintes recklessly failed to control his speed and suddenly and without warning struck Plaintiffs causing bodily injuries to Plaintiffs including injuries to head, neck, back, feet and body generally. Defendant, Kenneth R. Saintes, was operating a 2012 Ford 250 Supercab Pickup owned by Defendant, American Pollution Control Corp. (AMPOL) .

## V. NEGLIGENCE OF KENNETH SAINTES

Defendant driver **KENNETH R. SAINTES** was acting in the course and scope of his contracted employment with Defendant, **AMERICAN POLLUTION CONTROL CORP. (AMPOL)** at the time of the collision, and the driver's negligence and gross negligence was the proximate cause of the injuries and the damages sustained by Plaintiffs.  This Defendant's negligence includes, but is not limited to, the following:

1.      In failing to maintain full and complete control over his vehicle at all times;

2.      In failing to exercise due care and diligence in the operation of his vehicle;

3.      Failing to control his speed;

4.      In driving in a negligent and unsafe manner;

5.      Driver inattentiveness; and

6.      Such other and further acts of negligence as may be supplemented as a result of discovery performed in this suit.

Each of the above and foregoing acts of negligence was a proximate cause of the collision made the basis of this suit and Plaintiffs' resulting injuries and damages.

## VI. NEGLIGENCE OF CITY OF BRIDGE CITY

Plaintiffs would further show that the Defendant, David Soileau, was in the course and scope of his employment with City of Bridge City.  Officer Soileau was negligent in the operation of his motor vehicle in using it to stop traffic in a manner in which caused an inattentive and negligent driver to cause a collision.

## VII. NEGLIGENCE PER SE

Plaintiffs would show that at the time and on the occasion in question, Defendant, Kenneth Saintes, was driving his vehicle in such a fashion as to constitute one or more violations of Article 6701d of the Revised Civil Statutes of the State of Texas and the Texas Transportation Code, Title 7 and, therefore, Defendant was negligent per se at the time of the collision which caused the injuries to Plaintiffs.  Plaintiffs are of the class that such statutes were designed to protect, and the harm that resulted was of the type these statutes are enacted to prevent.

## VIII. RESPONDEAT SUPERIOR

At all relevant times, it is believed that Kenneth R. Saintes was working within the course and scope of his employment for **AMERICAN POLLUTION CONTROL CORP. (AMPOL)**, and in furtherance of their business. Accordingly, Kenneth R. Saintes and American Pollution Control Corp. (AMPOL) are liable pursuant to the theory of law known as respondeat superior and pursuant to the laws of agency for its driver's wrongful acts, omissions, carelessness and neglect, and for the damages sustained by Plaintiffs.  Further, at the time of the collision, the vehicle being driven by Defendant Saintes was owned by and under the legal operation of American Pollution Control Corp. (AMPOL), and said Defendants are liable for the careless and negligent operation of said vehicle, which was a proximate cause of the collision and damages sustained by Plaintiffs.

## IX. NEGLIGENT HIRING, AND SUPERVISION

Further, **AMERICAN POLLUTION CONTROL CORP. (AMPOL)** was negligent in hiring a driver who they knew, or should have known, was incompetent and unfit.  Such negligence was a proximate cause of the Plaintiffs' damages.

Further, **AMERICAN POLLUTION CONTROL CORP. (AMPOL)** failed to properly supervise and train its contracted driver, and such negligence was a proximate cause of the collision and the Plaintiffs' damages.

## X. GROSS NEGLIGENCE

Further, Plaintiffs would show that the Defendant, **KENNETH R. SAINTES**, was known to be an unsafe driver. Defendant, **AMERICAN POLLUTION CONTROL CORP's. (AMPOL)** decision to allow their agent, servant and employee to operate a commercial vehicle on the highway, given his driving record and the potential for disaster, signifies conscious indifference and gross negligence on the part of Defendant, **AMERICAN POLLUTION CONTROL CORP. (AMPOL).**

## XI. DAMAGES

As a proximate result of the incident made the basis of this suit and Defendants' negligent acts and conduct, Plaintiffs bring this suit against Defendants to recover damages for the following items:

1. Past medical bills and expenses incurred as a proximate result of the accident made the basis of this suit;

2. Future medical bills and expenses that in all reasonable probability will be incurred as a proximate result of the accident made the basis of this suit;

3. Mental anguish and physical pain and suffering in the past and in the future;

4. Physical impairment in the past and in the future;

5. Lost wages;

6. Lost earning capacity;

7. Pre-judgment and post-judgment interest;

8. Exemplary damages; and

9.      Such other and further items of damages as may be supplemented as a result of the discovery performed in this suit.

Plaintiffs assert that the damages herein are in a sum far in excess of the minimum jurisdictional limits of this Honorable Court.

## XII. EXEMPLARY DAMAGES

The acts and omissions of **AMERICAN POLLUTION CONTROL CORP. (AMPOL)** and **KENNETH R. SAINTES** referenced above, not only constituted negligence, but gross negligence, wanton and willful misconduct, and conscious indifference for the rights and welfare of Plaintiffs, thereby entitling Plaintiffs to recover punitive or exemplary damages in such amount as the jury finds to be proper upon trial of this matter.

## XIII. PRESERVATION OF EVIDENCE

Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs, videotapes, audiotapes, recordings, business or medical records; bills; estimates; invoices; checks; measurements; correspondence; memoranda; files; any item which has been removed from the premises which was involved in the incident; facsimile; email; voicemail; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to Plaintiff, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute a spoliation of the evidence.

## XIV. PREJUDGMENT INTEREST

Plaintiffs assert a claim for prejudgement interest on all elements of damages that such interest is allowed for, at the highest lawful rate per annum.

## XV. REQUIREMENT UNDER RULE 47 OF THE TEXAS RULES OF CIVIL
## PROCEDURE

Discovery in this case is in its infancy, and Plaintiffs believe it is the sole province of the jury to determine the amount of monetary compensation that is appropriate in this case. However, under the newly established Rule 47c of the Texas Rules of Civil Procedure, Plaintiffs are required to specifically plead the amount of monetary compensation being sought. In an abundance of caution, and with deference to the right of the jury to determine the amount of monetary compensation to be awarded, Plaintiffs respectfully plead for monetary compensation under Rule 47c, subsection 5 of the Texas Rules of Civil Procedure. Plaintiffs respectfully pleads for monetary relief over $1,000,000 under Rule 47(c)(5) of the Texas Rules of Civil Procedure.

## XVI. JURY DEMAND

Pursuant to Texas Rule of Civil Procedure 216, Plaintiffs respectfully request and demands a trial by jury.

## XVII. REQUESTS FOR DISCLOSURE

Pursuant to Rule 194, Defendants are requested to disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-c, Rule 194.2(e)-(i) and Rule 194.2(k)-(l).

## CONCLUSION AND PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon trial they recover from Defendants, jointly and severally, their actual damages, and exemplary or punitive damages prayed for herein, plus prejudgment interest, cost of court, and all other relief to which they may show entitlement.

Exhibit A

Respectfully submitted,

**CLAY DUGAS & ASSOCIATES**

_____

CLAY DUGAS
TBA #06173200
dugas@claydugas.com
JASON A. POWERS
TBA# 24027745
jpowers@claydugas.com
350 Pine Street, Suite 1750
BEAUMONT, TX 77701
TELEPHONE: (409) 813-1111
FAX:  (409) 813-1396
**ATTORNEYS FOR PLAINTIFFS**

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument has been forwarded to all known opposing counsel of record in the manner required by Tex.R.Civ.P. on this the __8th__ day of November 2017.

_____

**JASON A. POWERS**

CAUSE NO. <u>D170213-C</u>

| | | |
|---|---|---|
| **DAVID DIES, JR., ET AL.** | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | **ORANGE COUNTY, TEXAS** |
| | § | |
| **AMERICAN POLLUTION CONTROL** | § | |
| **CORP. (AMPOL),** | § | |
| **DAVID SOILEAU and** | § | |
| **KENNETH R. SAINTES** | § | <u>260TH</u>  **JUDICIAL DISTRICT** |

## PLAINTIFFS' RESPONSE TO CITY OF BRIDGE CITY'S PLEA TO THE JURISDICTION AND MOTION TO DISMISS AND MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **DAVID DIES, JR.** and **KODY MANN** hereinafter referred to as Plaintiffs, and file their Response to City of Bridge City's Plea to the Jurisdiction and Motion to Dismiss and would respectfully show unto the Court and Jury the following:

### IV. FACTS

On or about December 21, 2016, Plaintiffs, David Dies, Jr. was operating and his stepson, Kody Mann was a passenger, in his 2002 Chevrolet C1500 pickup truck traveling north in the 1700 block of Texas Avenue in the Bridge City, Texas.   Plaintiffs were stopped in the inside lane of Texas Avenue.  David Soileau, a Bridge City police officer, working as a private police escort on behalf of Claybar Funeral Home, was using his stopped his vehicle to impede traffic. This caused Plaintiff to come to a complete stop when Defendant, Kenneth R. Saintes recklessly failed to control his speed and suddenly and without warning struck Plaintiffs causing bodily injuries to Plaintiffs. Defendant, Kenneth R. Saintes, was operating a 2012 Ford 250 Supercab Pickup owned by Defendant, American Pollution Control Corp. (AMPOL) . *See Plaintiffs' Petition.*

## II. MOTION FOR CONTINUANCE

Plaintiffs request a continuance on City of Bridge City's Plea to the Jurisdiction and Motion to Dismiss. City of Bridge City filed its Original Answer on October 20, 2017. No discovery has been conducted. Discovery is necessary in order to develop additional facts regarding the negligence of Officer Soileau. Plaintiff has attempted to depose Officer Soileau, however, he would not be presented until the Plaintiffs could be presented. Plaintiffs attempted to present themselves for deposition, however, AMPOL states they are not ready to depose Plaintiffs, thus delaying Officer Soileau's deposition. As a result of the delays, City of Bridge City will not voluntarily delay their hearing on the Plea to the Jurisdiction, thus this Motion is necessary in order to adequately prepare for this hearing.

## III. ARGUMENT & AUTHORITIES

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). The plea challenges the trial court's subject-matter jurisdiction. *Id*. The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex.2004). If a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court is to consider relevant

2

evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Id.* at 227.

A trial court's review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a traditional motion for summary judgment. *Id.* at 228; see TEX.R. CIV. P. 166a(c). The governmental unit is required to meet the summary judgment standard of proof for its assertion that the trial court lacks jurisdiction. *Miranda*, 133 S.W.3d at 228. Once the governmental unit meets its burden, the plaintiff is then required to show that there is a disputed material fact regarding the jurisdictional issue. *Id.* If the evidence creates a fact question regarding jurisdiction, the trial court must deny the plea to the jurisdiction and leave its resolution to the fact finder. *Id.* at 227–28. But, if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228. "In considering this evidence, we 'take as true all evidence favorable to the nonmovant' and 'indulge every reasonable inference and resolve any doubts in the nonmovant's favor.' " *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex.2009) (quoting *Miranda*, 133 S.W.3d at 228).

A governmental entity my be liable for the torts of its employees arising from the operation or use of motor driven vehicles or equipment if, among other things, the employee would be personally liable to the claimant according to Texas law. *Tex.Civ.Prac. & Rem. Code* § 101.021(1)(B).

Defendant contends that City of Bridge City has  immunity because the accident was does not fall under the "flawed execution of policy" exception. Defendants contend that since Soileau did not directly collide with Plaintiffs, that his conduct was a mere condition rather than an actual cause of an accident.  Defendant bases its argument on the unpublished case of *Northcutt v. City of*

*Hearne.,* however, this case is distinguishable. While Northcutt does adhere to the proposition that to waive immunity, there is a requirement for a nexus between an injury negligently caused by a governmental employee and the operation or use of a motordriven vehicle, a large portion of *Northcutt* focused on the fact that Northcutt neither submitted evidence nor filed a response to the City's plea to the jurisdiction. *See Northcutt* at 4. The trial court also sustained an objection to hearsay in the investigative report, so that evidence was not before the court. *Id.* at 3 Therefore, the findings in Northcutt could have been dramatically different had Northcutt adequately responded, as well as submitted evidence, as Plaintiffs have here.

In the case at bar, Plaintiffs direct the Court to the police report which states the following:

> (Attach Additional Sheets if Necessary)
> Unit #1(Saintes) and Unit #2(Dies) were traveling north in the 1700 block of Texas Ave. with unit #1 following directly behind unit #2. Both units were traveling in the inside traffic lane. Unit #2 came to a complete stop due to a police officer closing down the intersection due to a funeral escort. Unit #1 failed to control his vehicle speed and struck unit #2 in the rear.

It is important to note that this narrative was done by Officer Solieau, the offending officer. There was no additional investigation. Looking at this testimony in the light most favorable to the Plaintiffs, it appears that Officer Soileau admits that the vehicles stopped due to the "police officer closing down the intersection." This tends to sound like the cars came to a stop, not because the intersection was previously closed, but due to the fact that the officer was actively "closing" (not had closed), the intersection. *See attached report.*

This, again viewed most favorably to the Plaintiffs, tends to rest some negligence on Officer Soileau for what appears to be an abrupt closing of the intersection, which is a causal nexus of the negligence complained of and therefore would fall under the "flawed execution of policy" exception,

4

and thus does not afford immunity to City of Bridge City. Therefore the Court has jurisdiction over City of Bridge City,

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court deny Defendant's Motion to Dismiss and Plea to the Jurisdiction.

Respectfully submitted,

**CLAY DUGAS and ASSOCIATES**

CLAY DUGAS
TBA #06173200
dugas@claydugas.com
JASON A. POWERS
TBA# 24027745
jpowers@claydugas.com
350 Pine Street, Suite 1750
BEAUMONT, TX 77701
TELEPHONE: (409) 813-1111
FAX:  (409) 813-1396
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument has been forwarded to all known opposing counsel of record in the manner required by Tex.R.Civ.P. on this the 9th day of November 2017.

**JASON A. POWERS**

5

**Exhibit A**

CAUSE NO. <u>D170213-C</u>

| | | |
|---|---|---|
| **DAVID DIES, JR., ET AL.** | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | **ORANGE COUNTY, TEXAS** |
| | § | |
| **AMERICAN POLLUTION CONTROL** | § | |
| **CORP. (AMPOL),** | § | |
| **DAVID SOILEAU and** | § | |
| **KENNETH R. SAINTES** | § | **260TH JUDICIAL DISTRICT** |

<u>VERIFICATION</u>

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF JEFFERSON | § |

BEFORE ME, the undersigned authority, on this date personally appeared JASON A. POWERS, known to me to be the person and one of the attorneys whose name is subscribed to the foregoing instrument including Motion for Continuance, and who, after being duly sworn by me, deposes and that he has read the foregoing instrument including Motion for Continuance and that said statements are true and correct.


_____
JASON A. POWERS

SWORN TO AND SUBSCRIBED BEFORE ME on this the _____ day of November 2017 to certify which, witness my hand and seal of office.


_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS



GAY GIDEON
Notary Public, State of Texas
Comm. Expires 09-02-2020
Notary ID 10970648

6

**60**

Exhibit A

# ATTACHMENT

# Exhibit A

FILED: 11/8/2017 4:22 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Reviewed By: Justin Rhodes

## CAUSE NO. <u>D170213-C</u>

| | | |
|---|---|---|
| **DAVID DIES, JR., ET AL.** | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | **ORANGE COUNTY, TEXAS** |
| | § | |
| **AMERICAN POLLUTION** | § | |
| **CONTROL CORP. (AMPOL),** | § | |
| **DAVID SOILEAU and** | § | |
| **KENNETH R. SAINTES** | § | **260TH JUDICIAL DISTRICT** |

## PLAINTIFFS' SECOND AMENDED PETITION AND<br><u>REQUESTS FOR DISCLOSURE</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **DAVID DIES, JR.** and **KODY MANN** hereinafter referred to as Plaintiffs,

and file their Second Amended Petition and Requests for Disclosure complaining of **AMERICAN**

**POLLUTION CONTROL CORP., (AMPOL), CITY OF BRIDGE CITY** and **KENNETH R.**

**SAINTES,** hereinafter referred to as Defendants, and for cause of action would respectfully show

unto the Court and Jury the following:

### <u>I. DISCOVERY</u>

Plaintiffs intend that discovery be conducted under Level III.

### <u>II. PARTIES</u>

Plaintiff, **DAVID DIES, JR.** is a resident of Orange County, Texas.

Plaintiff, **KODY MANN** is a resident of Orange County, Texas.

Defendant, **AMERICAN POLLUTION CONTROL CORP. (AMPOL)** is a Louisiana

corporation doing business in the venue and jurisdiction of this court.  Defendant has been served

with process therefore service upon this Defendant is not necessary.

**Exhibit A**

Defendant, **CITY OF BRIDGE CITY** is governmental entity in the State of Texas and who has been served with process therefore service upon this Defendant is not necessary.

Defendant, **KENNETH R. SAINTES** is an individual residing in the State of Louisiana and who has been served with process therefore service upon this Defendant is not necessary.

### III. VENUE AND JURISDICTION

Venue is proper in Orange County, Texas pursuant to Texas Civil Practice and Remedies Code §15.002(a) in that a substantial part of the acts or omissions occurred in Orange County, Texas.  Plaintiffs would further allege that the amount in controversy exceeds the minimal jurisdictional requirements of this Court.

### IV. FACTS

On or about December 21, 2016, Plaintiffs, David Dies, Jr. was operating and his stepson, Kody Mann was a passenger in his 2002 Chevrolet C1500 pickup truck traveling north in the 1700 block of Texas Avenue in Bridge City, Texas.   Plaintiffs were stopped in the inside lane of Texas Avenue as a result of a funeral procession.  David Soileau, working as a private police escort on behalf of Claybar Funeral Home and had stopped his vehicle to impede traffic. This caused Plaintiff to come to a complete stop, when Defendants, American Pollution Control Corp. (AMPOL) and Kenneth R. Saintes recklessly failed to control his speed and suddenly and without warning struck Plaintiffs causing bodily injuries to Plaintiffs including injuries to head, neck, back, feet and body generally. Defendant, Kenneth R. Saintes, was operating a 2012 Ford 250 Supercab Pickup owned by Defendant, American Pollution Control Corp. (AMPOL)

2

63

**Exhibit A**

## V. NEGLIGENCE OF KENNETH SAINTES

Defendant driver **KENNETH R. SAINTES** was acting in the course and scope of his contracted employment with Defendant, **AMERICAN POLLUTION CONTROL CORP. (AMPOL)** at the time of the collision, and the driver's negligence and gross negligence was the proximate cause of the injuries and the damages sustained by Plaintiffs. This Defendant's negligence includes, but is not limited to, the following:

1. In failing to maintain full and complete control over his vehicle at all times;

2. In failing to exercise due care and diligence in the operation of his vehicle;

3. Failing to control his speed;

4. In driving in a negligent and unsafe manner;

5. Driver inattentiveness; and

6. Such other and further acts of negligence as may be supplemented as a result of discovery performed in this suit.

Each of the above and foregoing acts of negligence was a proximate cause of the collision made the basis of this suit and Plaintiffs' resulting injuries and damages.

## VI. NEGLIGENCE OF CITY OF BRIDGE CITY

Plaintiffs would further show that the Defendant, David Soileau, was in the course and scope of his employment with City of Bridge City. Officer Soileau was negligent in the operation of his motor vehicle in using it to stop traffic in a manner in which caused an inattentive and negligent driver to cause a collision.

3

64

Exhibit A

### VII. NEGLIGENCE PER SE

Plaintiffs would show that at the time and on the occasion in question, Defendant, Kenneth Saintes, was driving his vehicle in such a fashion as to constitute one or more violations of Article 6701d of the Revised Civil Statutes of the State of Texas and the Texas Transportation Code, Title 7 and, therefore, Defendant was negligent per se at the time of the collision which caused the injuries to Plaintiffs.  Plaintiffs are of the class that such statutes were designed to protect, and the harm that resulted was of the type these statutes are enacted to prevent.

### VIII. RESPONDEAT SUPERIOR

At all relevant times, it is believed that Kenneth R. Saintes was working within the course and scope of his employment for **AMERICAN POLLUTION CONTROL CORP. (AMPOL)**, and in furtherance of their business.  Accordingly, Kenneth R. Saintes and American Pollution Control Corp. (AMPOL) are liable pursuant to the theory of law known as respondeat superior and pursuant to the laws of agency for its driver's wrongful acts, omissions, carelessness and neglect, and for the damages sustained by Plaintiffs.  Further, at the time of the collision, the vehicle being driven by Defendant Saintes was owned by and under the legal operation of American Pollution Control Corp. (AMPOL), and said Defendants are liable for the careless and negligent operation of said vehicle, which was a proximate cause of the collision and damages sustained by Plaintiffs.

### IX. NEGLIGENT HIRING, AND SUPERVISION

Further, **AMERICAN POLLUTION CONTROL CORP. (AMPOL)** was negligent in hiring a driver who they knew, or should have known, was incompetent and unfit.  Such negligence was a proximate cause of the Plaintiffs' damages.

Exhibit A

Further, **AMERICAN POLLUTION CONTROL CORP. (AMPOL)** failed to properly supervise and train its contracted driver, and such negligence was a proximate cause of the collision and the Plaintiffs' damages.

## X. GROSS NEGLIGENCE

Further, Plaintiffs would show that the Defendant, **KENNETH R. SAINTES**, was known to be an unsafe driver. Defendant, **AMERICAN POLLUTION CONTROL CORP's. (AMPOL)** decision to allow their agent, servant and employee to operate a commercial vehicle on the highway, given his driving record and the potential for disaster, signifies conscious indifference and gross negligence on the part of Defendant, **AMERICAN POLLUTION CONTROL CORP. (AMPOL).**

## XI. DAMAGES

As a proximate result of the incident made the basis of this suit and Defendants' negligent acts and conduct, Plaintiffs bring this suit against Defendants to recover damages for the following items:

1.  Past medical bills and expenses incurred as a proximate result of the accident made the basis of this suit;

2.  Future medical bills and expenses that in all reasonable probability will be incurred as a proximate result of the accident made the basis of this suit;

3.  Mental anguish and physical pain and suffering in the past and in the future;

4.  Physical impairment in the past and in the future;

5.  Lost wages;

6.  Lost earning capacity;

7.  Pre-judgment and post-judgment interest;

8.  Exemplary damages; and

5

66

Exhibit A

9.      Such other and further items of damages as may be supplemented as a result of the
        discovery performed in this suit.

Plaintiffs assert that the damages herein are in a sum far in excess of the minimum

jurisdictional limits of this Honorable Court.

## XII. EXEMPLARY DAMAGES

The acts and omissions of **AMERICAN POLLUTION CONTROL CORP. (AMPOL)** and

**KENNETH R. SAINTES** referenced above, not only constituted negligence, but gross negligence,

wanton and willful misconduct, and conscious indifference for the rights and welfare of Plaintiffs,

thereby entitling Plaintiffs to recover punitive or exemplary damages in such amount as the jury finds

to be proper upon trial of this matter.

## XIII. PRESERVATION OF EVIDENCE

Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence

pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the

damages resulting therefrom, including photographs, videotapes, audiotapes, recordings, business or

medical records; bills; estimates; invoices; checks; measurements; correspondence; memoranda; files;

any item which has been removed from the premises which was involved in the incident; facsimile;

email; voicemail; text messages; investigation; cellular telephone records; calendar entries; and any

electronic image, data, or information related to Plaintiff, the  referenced incident, or any damages

resulting therefrom. Failure to maintain such items will constitute a spoliation of the evidence.

## XIV. PREJUDGMENT INTEREST

Plaintiffs assert a claim for prejudgement interest on all elements of damages that such

interest is allowed for, at the highest lawful rate per annum.

**Exhibit A**

## XV. REQUIREMENT UNDER RULE 47 OF THE TEXAS RULES OF CIVIL

## PROCEDURE

Discovery in this case is in its infancy, and Plaintiffs believe it is the sole province of the jury to determine the amount of monetary compensation that is appropriate in this case.  However, under the newly established Rule 47c of the Texas Rules of Civil Procedure, Plaintiffs are required to specifically plead the amount of monetary compensation being sought.  In an abundance of caution, and with deference to the right of the jury to determine the amount of monetary compensation to be awarded, Plaintiffs respectfully plead for monetary compensation under Rule 47c, subsection 5 of the Texas Rules of Civil Procedure.   Plaintiffs respectfully pleads for monetary relief over $1,000,000 under Rule 47(c)(5) of the Texas Rules of Civil Procedure.

## XVI. JURY DEMAND

Pursuant to Texas Rule of Civil Procedure 216, Plaintiffs respectfully request and demands a trial by jury.

## XVII. REQUESTS FOR DISCLOSURE

Pursuant to Rule 194, Defendants are requested to disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-c, Rule 194.2(e)-(i) and Rule 194.2(k)-(l).

## CONCLUSION AND PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon trial they recover from Defendants, jointly and  severally, their actual damages, and exemplary or punitive damages prayed for herein, plus prejudgment interest, cost of court, and all other relief to which they may show entitlement.

Exhibit A

# ATTACHMENT

Exhibit A

Case 1:17-cv-00526-MAC-KFG  Document 1-1  Filed 12/15/17  Page 70 of 77  PageID #: 77
01/17/2017  07:41  4097351656  HATTON  PAGE 02/03

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2015)**

Law Enforcement and TxDOT Use ONLY

☐ FATAL ☑ CMV ☐ SCHOOL BUS ☐ RAILROAD ☐ MAB ☐ SUPPLEMENT ☐ ACTIVE SCHOOL ZONE

Total Num. Units **2** | Total Num. Pers. **3** | TxDOT Crash ID

Mail to: Texas Department of Transportation, Crash Data & Analysis, P.O. Box 149349, Austin, TX 78714. Questions? Call 844/274-7457
Refer to Attached Code Sheet for Numbered Fields
* =These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).  Page 1 of 2

**IDENTIFICATION & LOCATION**

* Crash Date (MM/DD/YYYY): 1 2 / 2 1 / 2 0 1 6
* Crash Time (24HRMM): 1 4 4 7
* Case ID: 16-00310
Local Use

* County Name: ORANGE
* City Name: BRIDGE CITY
☐ County ☐ Outside City Limit

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☐ Yes ☑ No
Latitude - (decimal degrees)
Longitude - (decimal degrees)

**ROAD ON WHICH CRASH OCCURRED**

* 1 Rdwy. Sys.: SH
* Hwy. Num.: 73
2 Rdwy Part: 1
Block Num.: 1790
3 Street Prefix
* Street Name: TEXAS
4 Street Suffix: AVE

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot
☐ Toll Road/Toll Lane
Speed Limit: 45
Const. Zone ☐ Yes ☑ No
Workers Present ☐ Yes ☑ No
Street Desc.

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

At Int. ☑ Yes ☐ No
1 Rdwy. Sys.: LR
Hwy. Num.
2 Rdwy Part: 1
Block Num.: 100
3 Street Prefix: E
* Street Name: ROUNDBUNCH
4 Street Suffix: RD

Distance from Int. or Ref. Marker: ☐ FT ☐ MI
3 Dir. from Int. or Ref. Marker
Reference Marker
Street Desc.
RRX Num.

**VEHICLE, DRIVER, & PERSONS**

Unit Num.: 1
5 Unit Desc: 1
☐ Parked Vehicle
☐ Hit and Run
LP State: LA
LP Num: B895450
VIN: 1 F T 7 W 2 B T 9 C E D 0 4 2 7 3

Veh. Year: 2 0 1 2
6 Veh. Color: WHT
Veh. Make: FORD
Veh. Model: F250 SUPERCAB (PICKUP)
7 Body Style: PK
☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked)

8 DL/ID Type: 2
DL/ID State: LA
DL/ID Num: 004446283
9 DL Class: 99
10 CDL End.: XPS
11 DL Rest.: 96
DOB (MM/DD/YYYY): 0 8 / 2 1 / 1 9 6 9

Address (Street, City, State, ZIP): 105 BRIARWOOD DR FRANKLIN LOUISIANA 70538

| Person Num. | 12 Pers. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | SAINTES, KENNETH R | N | 47 | W | 1 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit

☑ Owner ☐ Lessee  Owner/Lessee Name & Address: AMERICAN POLLUTION CONTROL CORP. 401 W. ADMIRAL DOYLE DR., NEW IBERIA, LA. 70580

Proof of Fin. Resp. ☑ Yes ☐ No ☐ Expired ☐ Exempt
26 Fin. Resp. Type: 2
Fin. Resp. Name: ACE PROPERTY & CASUALTY INSURANCE
Fin. Resp. Num.: H08484287001

Fin. Resp. Phone Num.: 337-233-0530
27 Vehicle Damage Rating 1: 1 2 - F C - 2
27 Vehicle Damage Rating 2:
Vehicle Inventoried ☐ Yes ☑ No

Towed By: OPERATOR
Towed To: DRIVENWAY

Unit Num.: 2
5 Unit Desc: 1
☐ Parked Vehicle
☐ Hit and Run
LP State: TX
LP Num: AM59810
VIN: 2 G C E C 1 9 T 6 2 1 4 2 0 2 4 1

Veh. Year: 2 0 0 2
6 Veh. Color: TAN
Veh. Make: CHEVROLET
Veh. Model: C1500
7 Body Style: PK
☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked)

8 DL/ID Type: 1
DL/ID State: TX
DL/ID Num: 09507242
9 DL Class: C
10 CDL End.: 96
11 DL Rest.: A
DOB (MM/DD/YYYY): 0 2 / 0 3 / 1 9 7 2

Address (Street, City, State, ZIP): 3311 MOOSE LANE ORANGE TEXAS 77630

| Person Num. | 12 Pers. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | DIES, DAVID HUEY JR | N | 44 | W | 1 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |
| 2 | 2 | | MANN, KODY PATRICK | N | 17 | W | 1 | 1 | 1 | 1 | 97 | N | | | | | |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit

☑ Owner ☐ Lessee  Owner/Lessee Name & Address: DAVID DIES JR 3311 MOOSE LANE, ORANGE, TEXAS 77630

Proof of Fin. Resp. ☑ Yes ☐ No ☐ Expired ☐ Exempt
26 Fin. Resp. Type: 2
Fin. Resp. Name: GEICO
Fin. Resp. Num.: 4440308221

Fin. Resp. Phone Num.: 800-841-3000
27 Vehicle Damage Rating 1: 6 - B D - 2
27 Vehicle Damage Rating 2:
Vehicle Inventoried ☐ Yes ☑ No

Towed By: OPERATOR
Towed To: DRIVENWAY

Law Enforcement and TxDOT Use ONLY  
For "CR" rev. 1/1/2015)

| Case ID | 16-00310 | TxDOT Crash ID | | Page 2 of 2 |

## DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HRMM) |
|---|---|---|---|---|---|
| | | | | __/__/____ | |
| | | | | __/__/____ | |
| | | | | __/__/____ | |
| | | | | __/__/____ | |
| | | | | __/__/____ | |
| | | | | __/__/____ | |

## CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |

## CMV

| Unit Num. | 10,001+ LBS. | TRANSPORTING HAZARDOUS MATERIAL | 9+ CAPACITY | CMV Disabling Damage? Yes/No | 28 Veh. Oper. | 29 Carrier ID Type | Carrier ID Num. |
|---|---|---|---|---|---|---|---|

Carrier's Corp. Name | Carrier's Primary Addr. | 30 Veh. Type

| 31 Bus Type | RGVW / GVWR | HazMat Released Yes/No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num. | 33 Cargo Body Style |

| Trailer 1 | Unit Num. | RGVW / GVWR | 34 Trlr. Type | CMV Disabling Damage? Yes/No | Trailer 2 | Unit Num. | RGVW / GVWR | 34 Trlr. Type | CMV Disabling Damage? Yes/No |

Sequence Of Events | 35 Seq. 1 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4

## FACTORS & CONDITIONS

| | 38 Contributing Factors (Investigator's Opinion) | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Unit Num. | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 1 | 22 | | | | | | | | | | |
| 2 | | | | | | | | | | | |

## NARRATIVE AND DIAGRAM

**Investigator's Narrative Opinion of What Happened (Attach Additional Sheets if Necessary)**

Unit #1(Saintes) and Unit #2(Dies) were traveling north in the 1700 block of Texas Ave. with unit #1 following directly behind unit #2. Both units were traveling in the inside traffic lane. Unit #2 came to a complete stop due to a police officer closing down the intersection due to a funeral escort. Unit #1 failed to control his vehicle speed and struck unit #2 in the rear.

I instructed both drivers to move their vehicles from the roadway and I would return shortly.

Both drivers moved their vehicles to the Family Pharmacy located at 1910 Texas Ave.

**Field Diagram - Not to Scale**

Indicate North



## INVESTIGATOR

| Time Notified (24HRMM) | 1 4 4 7 | How Notified | OFFICER INITIATED | Time Arrived (24HRMM) | 1 4 4 7 | Report Date (MM/DD/YYYY) | 1 2 / 2 1 / 2 0 1 6 |

| Invest. Comp. | Yes ✓ / No | Investigator Name (Printed) | DAVID SOILEAU | | ID Num. | 1230 |

| ORI Num. | T X 1 8 1 0 1 0 0 | Agency | BRIDGE CITY PD | | Service\ Region\DA | |

CAUSE NO. D170213-C

| | | |
|---|---|---|
| DAVID DIES, JR., AND | § | IN THE DISTRICT COURT OF |
| JENNIFER MANN, AS NEXT FRIEND | § | |
| OF XXXX MANN, MINOR, | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | ORANGE COUNTY, TEXAS |
| | § | |
| AMERICAN POLLUTION CONTROL, | § | |
| CORP. (AMPOL), DAVID SOILEAU AND | § | |
| KENNETH R. SAINTES, | § | |
| *Defendants.* | § | 260TH JUDICIAL DISTRICT |

## DEFENDANT CITY OF BRIDGE CITY'S REPLY TO PLAINTIFFS' RESPONSE TO PLEA TO THE JURISDICTION AND MOTION TO DISMISS

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW CITY OF BRIDGE CITY, Defendant in the above-styled and numbered cause, files this its Reply to Plaintiffs' Response to Plea to the Jurisdiction and Motion to Dismiss, and would respectfully show unto the Court the following:

### I.
### NO CONTINUANCE IS NECESSARY

The City filed its Plea to the Jurisdiction on October 19, 2017, challenging the Court's subject matter jurisdiction because the City's immunity has not been waived.  In its Plea, the City took all Plaintiffs' allegations as true.  Plaintiffs now seek a continuance, to depose a City police officer, "to develop additional facts regarding the negligence" of that officer.  *See* Response at p. 2.  However, for purposes of the City's Plea, there are no disputed facts, and no discovery is necessary.  Accordingly, the Court should proceed with ruling on the City's Plea, as the Supreme Court has directed the Court to determine whether jurisdiction exists at the "earliest opportunity."  *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

## II.
### PLAINTIFFS' IGNORE CONTROLLING AUTHORITY

With respect to the merits of the City's Plea, Plaintiffs attack one case relied on by the City because Plaintiffs argue that the parties in that case failed to adequately brief the issues. *See* Response at pp. 3-4. However, Plaintiffs ignore other authorities cited by the City.

As noted in the City's Plea, immunity generally is not waived when the officer's vehicle is not directly involved in the collision. *Williams v. City of Baytown*, 467 S.W.3d 566, 574-76 (Tex. App.—Houston [1st Dist.] 2015, no pet.). In *Williams*, for example, the plaintiffs' vehicle was stopped behind a police blockade at an intersection. *Id.* at 569-70. Another police officer placed a spike strip, to puncture the tires of a vehicle that was attempting to evade arrest. *Id.* The vehicle attempting to evade arrest hit the spike strip, but did not stop, and ran into the Plaintiffs' vehicle. *Id.* The Court—in reviewing numerous similar cases—held that there was no waiver of immunity because the officers involved did not control the vehicle that collided with the plaintiffs' vehicle. *Id.* at 573-77. As such, the officers' use of vehicles did not cause the accident. *Id.* To the contrary, the officers involved—at most—furnished a condition that made the accident possible. *Id.* Plaintiffs in this case do not challenge *Williams* or any of the numerous cases cited in the *Williams'* court's discussion of the applicable law.

To further illustrate the applicable law, the City's Plea also distinguished *Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922, 926 (Tex. 2015). There, an officer turned his car around in the middle of the night so that it faced oncoming traffic with all of its headlights, high-beam spotlight, and emergency lights activated. *Id.* at 926. The plaintiffs in *Ryder* alleged that the officer's actions blinded another driver, causing that vehicle to collide with their vehicle within seconds of the officer's actions. *Id.* On those facts, the Texas Supreme Court held that the officer did more than furnish a condition that made the accident possible; to

the contrary, the officer's actions caused the accident by blinding motorists. *Id.* at 927-30. The *Ryder* case is factually distinguished from the present case in that Plaintiffs' allegations establish that the City's police officer successfully and lawfully stopped traffic for a funeral procession. In fact, Plaintiffs' allegations establish that they successfully stopped their vehicle, as instructed by the City's police officer. Thereafter, another vehicle—not blinded by the City's police officer's use of bright lights in the middle of the night—failed to stop and rear-ended Plaintiffs' vehicle. Plaintiffs in this case do not argue that *Ryder* applies to this case.

Finally, despite ignoring the foregoing authority, Plaintiffs challenge only the holding of *Northcutt v. City of Hearne*, No. 10-14-00012-CV, 2015 WL 4727197, at *5 (Tex. App.—Waco July 30, 2015, pet. denied). In *Northcutt*, the plaintiff alleged that a patrol vehicle pulled out of a driveway where it had been concealed, to engage in a pursuit of a vehicle traveling in front of the plaintiff's vehicle. *Id.* at *1. The plaintiff swerved to avoid the patrol vehicle and was struck by another motorist. *Id.* The Court held, in an unpublished opinion, that there was no waiver of immunity. *Id.* at *5. While the City has cited to *Northcutt*, the City does not rely solely on *Northcutt*, and *Northcutt* is only one of many cases which support the City's position.

Taking the facts alleged by Plaintiffs as true, and applying well-settled Texas law, Plaintiffs have failed to allege a waiver of immunity, the Court lacks subject matter jurisdiction, and the City's Plea should be granted.

## III.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant the City of Bridge City respectfully prays that this Court grant its Plea to the Jurisdiction and Motion to Dismiss, and for such other relief to which Defendant is justly entitled.

Respectfully submitted,

**GERMER PLLC**
P.O. Box 4915
Beaumont, Texas 77704-4915
(409) 654-6700 – Telephone
(409) 835-2115 – Facsimile

_____

**B. Eliot New**
State Bar No. 24060328
enew@germer.com – Email
Nadine Ona
State Bar No. 24100493
nadineo@germer.com – Email

**COUNSEL FOR DEFENDANT,**
**CITY OF BRIDGE CITY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of November, 2017, a true and correct copy of **Defendant City of Bridge City's Reply to Plaintiffs' Response to Plea to the Jurisdiction and Motion to Dismiss** was forwarded to all known counsel of record pursuant to the Texas Rules of Civil Procedure.

_____

**B. Eliot New**

- 4 -

**Exhibit A**

CAUSE NO. D170213-C

FILED
VICKIE EDGERLY
'77 NOV 16 A10 56
*Vickie Edgerly*
DISTRICT CLERK
ORANGE COUNTY, TEXAS

| | | |
|---|---|---|
| DAVID DIES, JR., AND | § | IN THE DISTRICT COURT OF |
| JENNIFER MANN, AS NEXT FRIEND | § | |
| OF XXXX MANN, MINOR, | § | |
| *Plaintiffs*, | § | |
| | § | |
| V. | § | ORANGE COUNTY, TEXAS |
| | § | |
| AMERICAN POLLUTION CONTROL, | § | |
| CORP. (AMPOL), DAVID SOILEAU AND | § | |
| KENNETH R. SAINTES, | § | |
| *Defendants*. | § | 260TH JUDICIAL DISTRICT |

<u>ORDER</u>

On this day came to be considered Defendant City of Bridge City's Plea to the

Jurisdiction and Motion to Dismiss, and after considering same, any responses or replies, the

evidence, and any arguments of counsel, the Court is of the opinion that said filing is meritorious

and should be hereby and in all things **GRANTED**.

It is, therefore, **ORDERED, ADJUDGED,** and **DECREED** that Plaintiffs David Dies,

Jr., and Jennifer Mann's, as next friend of XXXX Mann, Minor, claims against the City of

Bridge City are dismissed.

**SIGNED** this _16_ day of ___Nov___, 2017.

_____
**JUDGE PRESIDING**

State of Texas
County of Orange
    I, VICKIE EDGERLY, Clerk of District Court in
and for Orange County, Texas, do hereby certify
that the above and foregoing is a true and correct
copy of the Original Hereof, as same was filed and
appears of record in my office.
    Witness my official seal and signature of office
in Orange, Texas, this the _16_ day of _NOV 20 17_

VICKIE EDGERLY
Clerk of District Court
of Orange County, Texas
by _Anne Reed_
    ANNE REED

[SEAL: DISTRICT COURT ORANGE COUNTY TEXAS]

CERTIFIED COPY

DO NOT COPY OR ALTER - This document contains security features.

FILED: 11/20/2017 12:00 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Reviewed by: Anne Reed

CAUSE NO. D170213-C

| | | |
|---|---|---|
| DAVID DIES JR., AND | § | IN THE DISTRICT COURT OF |
| JENNIFER MANN, AS NEXT FRIEND | § | |
| OF XXXX MANN, MINOR, | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | ORANGE COUNTY, TEXAS |
| | § | |
| AMERICAN POLLUTION CONTROL, | § | |
| CORP. (AMPOL), DAVID SOILEAU AND | § | |
| KENNETH R. SAINTES, | § | |
| *Defendants.* | § | 260TH JUDICIAL DISTRICT |

## ORDER

On this day came to be considered Defendant David Soileau's Motion to Dismiss, and after considering same, any responses or replies, and any arguments of counsel, the Court is of the opinion that said motion is meritorious and should be hereby and in all things **GRANTED**.

It is, therefore, **ORDERED, ADJUDGED** and **DECREED** that Plaintiffs' claims against Defendant David Soileau are dismissed with prejudice, pursuant to Texas Civil Practice and Remedies Code section 101.106.

It is further ORDERED that Plaintiffs' claims against Defendant David Soileau are hereby severed from this action, and the District Clerk is directed to open another cause and file in that cause a copy of Plaintiffs' Original Petition, Defendant David Soileau's Motion to Dismiss, any response or reply to that motion, and this order.

This is a final judgment as to Plaintiffs' claims against Defendant David Soileau.

SIGNED this 16th day of November, 2017.

_____

JUDGE PRESIDING

77